### HENRY F. BROWN v. CONNECTICUT MUTUAL LIFE INS CO

**1. NEW APPRAISEMENT AFTER TWO FAILURES TO SELL.**

Where premises are offered for sale under a decree rendered in a proceeding to foreclose a mortgage, and having been twice offered for sale, remain unsold for want of bidders, the court may, on motion of either party, order a new appraisement

**2. SUBSEQUENT NEW APPRAISEMENTS MAY BE ORDERED.**

If, under such new appraisement, the premises remain unsold for want of bidders after having been twice offered for sale, the court may, on motion of either party, order another appraisement, and may, for the same cause, and in the same manner, order additional appraisements.

**3. ON REAPPRAISEMENT LAND MAY BE SOLD ON TIME.**

When making any such order to re-appraise the court may, on motion of either party, order that the land be sold on time, as provided in section 5417, Rev Stat.

**4. ORDER OF SALE AND EXECUTION DISTINGUISHED.**

An order of sale issued in a proceeding to foreclose a mortgage is not an execution within the purview of section 5416, Rev. Stat., but is governed under sec. 5417, Rev. Stat

**5. COURT MAY EXHAUST ITS POWER TO DIRECT THE AMOUNT FOR A SALE.**

When premises are ordered to be sold in a proceeding to foreclose a mortgage, and have been three times appraised by order of the court, and thereafter twice advertised and offered for sale, and then remain unsold for want of bidders, the court having fixed the price at which the property can be sold on execution under sec. 5416, Rev. Stat., has exhausted its power, is not empowered to again direct the amount for which the same shall be sold.

### Error to the Court of Common Pleas of Hancock county.

In a case in the court of common pleas of this county, in which Elijah P. Jones was plaintiff, and the plaintiff in error and the defendant in error and others were defendants, the defendant in error, on its cross-petition, recovered a decree against the plaintiff in error upon a mortgage. The property of plaintiff in error was three times appraised and twice offered for sale under each appraisement, but was not sold for want of bidders. The court then, upon the application of the defendant in error, fixed the price of $8,500 at which said property might be sold.

An order of sale then issued, and the property was twice offered for sale, but not sold for want of bidders. Upon the further application of the defendant in error, the court fixed $7,500 as the price at which said property might be sold.

This last order was, upon the petition in error of the plaintiff in error, reversed by this court at its last term—a majority of the court being of the opinion that sec. 5416 Rev. Stat., under which the court made the order, does not embrace orders of sale within its provisions; and, if it does, all the members of the court agree that the power of the court is exhausted when it has once directed the amount for which the property may be sold.

The cause was remanded to the court of common pleas to be proceeded in according to law. The defendant in error then moved the court to set aside the appraisement heretofore made, and to order a new appraisement of said property, which motion the court granted, to reverse which, the plaintiff in error has filed his petition in error in this court.

**BEER, J.**

It is contended by plaintiff in error that the order complained of was made under sec. 5417 Rev. Stat., and that that section only authorizes one new appraisement to be made.

Counsel for defendant in error claim that the order for a new appraisement can be made, and was made, under sec. 5416. When it is answered that that section applies to cases in which property is offered for sale upon an execution, we are referred to sec. 5373, which declares that:

"Executions are of three kinds:

"1. Against the property of the judgment debtor, including orders of sale.

"2. Against the person of the judgment debtor.

"3. For the delivery of the possession of real property."

Hence it is claimed that as an order of sale is an execution, it is included in sec. 5416, and the remedies therein provided apply to orders of sale as well as to executions at law, and in support of this position counsel cite the case of Bell v. Duduit, 40 O. S, 330, which decides that:

"When an assignee has commenced to sell the realty of the assignor under sec. 6351 Rev. Stat., the provisions of sec. 5416 apply to subsequent proceedings to sell under the decrees therein made."

As the assignee disposes of the realty of the assignor upon an order of sale, it is argued that if such an order of sale falls within the provisions of sec. 5416, every other order of sale, being an execution under sec. 5373, falls within the same sec. 5416. It is a sufficient answer to this that special provision is made by sec. 6350 that sales of property by an assignee "shall be made at not less than two-thirds of the appraised value thereof, being subject to re-appraisement, as upon executions at law"—the kind of executions embraced within the provisions of sec. 5416.

Hence the case of Bell v. Duduit, *supra*, does not support the claim made by counsel for defendant in error

In cases in partition where the property is ordered to be sold, an order of sale issues to the sheriff, commanding him to sell the real estate which is the subject of the action, but it is not to be appraised as upon an execution at law; for it has already been appraised by the commissioners appointed by the court. When once offered and not sold, the court, under sec. 5768, "may order a re-valuation by three judicious and disinterested freeholders appointed by the court, or may order a sale without such re-valuation, at not less than such sum as it may fix."' In such cases, the order of sale may be an execution within the definition of secs. 5372 and 5373, but it is not an execution within the purview of sec. 5416.

Turning now to sec. 5416, what are its provisions? That, "when real estate, taken on execution, and appraised and twice offered for sale, remains unsold for want of bidders," etc. It covers cases in which real estate is taken on execution, and appraised. Property sold in foreclosure proceedings is not taken on execution.

But it is claimed that as an order of sale, as defined by sec. 5373, is an execution, it must be subject to the provisions of sec. 5416, as regards re-appraisement,

for the reason, that to hold otherwise, the defendant in error would be without remedy. Such claim would sound better in the legislature than in court. The court can only assist parties in obtaining the remedies provided by the legislature. Another difficulty in the way of the relief granted by the court of common pleas, if we hold it to have been granted, as claimed, under sec. 5416, is that it sets aside the last appraisement, leaving the direction to sell at $8,500 in full force. Clearly, the defendant in error is not entitled to two prices, the one directed by the court, and the other fixed by appraisement for the sale of the property.

We are of the opinion, however, that the order now complained of, was made under sec. 5417, and not under sec. 5416.

It is claimed by the plaintiff in error, that but one new appraisement can be ordered under sec. 5417, and hence, that the court of common pleas erred in granting the last order to re-appraise.

In the chapter upon executions (Rev. Stat.) there is no provision for an appraisement in foreclosure proceedings; but in that chapter, sec. 5417 provides for a new appraisement. The section last named is a part of section 374 of the code of civil procedure as amended, 67 O. L. 114, which reads:

"Section 5. That section three hundred and seventy-four of the code of civil procedure as amended by act of March 29, 1859, be amended so as to read as follows: Section 374. In the foreclosure of a mortgage, the sale of the mortgaged premises shall in all cases be ordered; and when the mortgage foreclosed embraces an entire tract of land, or separate tracts of land situated in two or more counties in the state, the sheriff of each county in which such separate tract or tracts of lands are situated, shall be ordered to make sale of the land situated in the county of which he is the sheriff, unless in the opinion of the court ordering the sale, the circumstances of the case, or the interests of the parties shall appear to require the sale to be made by a single officer, in which case the said court may order the sale to be made by the sheriff of either county in which any part of the mortgaged premises may be situated, or by a master commissioner; and the court may order the lands to be sold entire or in parcels, as the interests of the parties may require; and in such cases the mortgaged premises shall be appraised by three disinterested freeholders of either or any of the counties in which said lands may be situated, and notice of the sale shall be given by advertisement in such of said counties as is required in the case of the sale of real estate on execution; and the court may, in the order of sale, or on confirmation of the sale, make such order touching the distribution of the proceeds of sale, as may be necessary to protect and preserve the relative rights and privileges of all lienholders on such premises or on the several parcels thereof. And in all cases where said lands, or any parcels thereof, have been, or may hereafter be twice advertised and offered for sale, and shall remain unsold for want of bidders, and the court being satisfied thereof, it shall be the duty of the court from which the order of sale issued, on motion of the plaintiff or defendant at the time of ordering such new appraisement, also to order that said land be sold on time as follows: One-third cash in hand, one-third in nine months from the day of sale, and the remaining third in eighteen months from day of sale, the deferred payments to draw six per cent. interest, and to be secured by mortgage on the premises."

It will be noticed that the latter part of section 374 constitutes sec. 5417, Rev. Stat. The other part of that section forms secs. 5316 and 5317, Rev. Stat. Under these several sections provision is made for the appraisement and re-appraisement of mortgaged property. In foreclosure proceedings, is provision made for more than one re-appraisement? There can be no question but that real estate taken on execution may be appraised at least three times under sec. 5416. The first part of that section reads as follows:

"When real estate, taken on execution, and appraised, and twice advertised and offered for sale, remains unsold for want of bidders, the court from which the execution issued shall, on motion of the plaintiff, set aside such appraisement, and order a new appraisement to be made."

The first part of sec. 5417, reads:

"When premises are ordered to be sold, and having been twice advertised and offered for sale, remain unsold for want of bidders, the court from which the order of sale issued shall, on motion of the plaintiff or defendant, order a new appraisement."

It will be seen that the language is the same in both sections. If any number of re-appraisements may be ordered under sec. 5416, it would appear to follow that any number may be ordered under sec. 5417. The only difference between

the sections being, that under sec. 5416 the court may direct the amount for which the premises may be sold, and under sec. 5417 may order a sale on time.

It follows that unless the order previously made, directing a sale at $8,500, was in the way, the court did not err in ordering the re-appraisement complained of. If we are correct in holding that the provisions of sec. 5416 do not apply to orders of sale in proceedings to foreclose a mortgage, it would follow, that as the order directing a sale at $8,500 was made under that section, the court exceeded its power in making it, and, hence, it is a nullity, and the case stands as though no such order had ever been made. It follows that there is no error in the record, and the judgment of the court of common pleas will be affirmed.

C. A. Phelps, for plaintiff in error.

I. F. Barrett and Burket & Burket, for defendant in error.